STATE OF NEBRASKA, APPELLEE, v. JAMES V. GUNN, APPELLANT.

140 N. W. 2d 651

Filed March 4, 1966. No. 36104.

Thomas J. Gorham, for appellant.

Ralph D. Nelson and Fred J. Swihart, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and BRODKEY, District Judge.

SMITH, J.

The criminal complaint in this case charged that defendant motorist had violated a traffic signal displaying a red light. At the trial in the district court defend-

ant's motion for dismissal on the ground of insufficient evidence was overruled at the conclusion of the evidence, and the jury returned a verdict of guilty, the theory of a criminal prosecution having been adopted.

The alleged offense occurred at the intersection of Forty-eighth Street and Adams Street in the City of Lincoln, Nebraska. The State charged defendant under the following part of the municipal ordinance:

"Upon the display of a red light * * *, vehicular traffic facing it shall stop before entering the crosswalk on the near side of the intersection and remain stopped until a green light is displayed."

Several facts are undisputed. The east line of the crosswalk in Adams Street was located 14 feet east of the east curbline of Forty-eighth Street. The traffic signal displayed a yellow light for a period of 3 seconds before changing to red.

The single possible support of the verdict comes from the testimony by a police officer who was an eyewitness. He observed defendant traveling west on Adams Street at the alley between Forty-ninth and Forty-eighth Streets. At this time the automatic signal facing defendant changed from green to amber. Defendant then accelerated to 35 miles per hour. When the signal changed to red his automobile was approximately 10 feet east of the extended east curbline of Forty-eighth Street, testimony which the officer repeated on cross-examination. The officer later detailed his observations of these events, but this testimony on the whole amounted to a vague explanation. He mentioned split vision and said that he might have directed his attention more to the light than to the automobile. He was uncertain whether he had actually seen the change of signal, but he had noticed the red light prior to his observation of the automobile in the crosswalk.

The evidence is too indefinite to show that the change of signal had occurred when the automobile entered the crosswalk. In a criminal action a finding of guilt

based upon evidence without probative force is preju-dicially erroneous. See State v. Martin, 177 Neb. 209, 128 N. W. 2d 583.

The judgment is reversed and the cause remanded with directions to dismiss the complaint.

REVERSED AND REMANDED WITH DIRECTIONS.